UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00364

———

**Joseph Dan Fuller,**
*Plaintiff,*
v.
**State of Texas et al.,**
*Defendants.*

———

# ORDER

Plaintiff, an inmate of the Texas Department of Criminal Justice proceeding pro se, brought this lawsuit alleging violations of his constitutional rights. Doc. 1. He also moved to proceed in forma pauperis. Doc. 2. The case was referred to a magistrate judge, who noted deficiencies in plaintiff's complaint, ordered plaintiff to file an amended complaint, and provided guidance on what plaintiff must do to remedy the original complaint's deficiencies. Doc. 6. The magistrate judge also directed plaintiff to pay the full filing fee or provide an inmate trust account data or summary sheet. Doc. 5. Plaintiff had 30 days to comply. Docs. 5, 6. He did not comply with the magistrate judge's orders within the time for doing so.

The magistrate judge therefore issued a report recommending dismissal of this lawsuit. Doc. 11. The report explained that plaintiff failed to comply with court orders and that the only named parties—the State of Texas and the Texas Department of Criminal Justice—are immune from suit for money damages except in in limited circumstances not present here. *Id.* at 2–3. The report recommended dismissal with prejudice as to the State of Texas and the Texas Department of Criminal Justice but without prejudice as to any claims plaintiff might have against non-immune potential defendants. *Id.* at 3. Plaintiff did not file written objections.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C.

- 1 -

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But when there have been no timely objections to a report, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record, the court is satisfied that there is no clear error. But that is not the end of the analysis. Although plaintiff filed no written objections, nearly two months after receiving the deficiency orders, *see* Doc. 8, plaintiff filed an amended complaint and new motion to proceed in forma pauperis. Docs. 13–14. The court notes, however, that "failure to comply with an order of the court is grounds for dismissal with prejudice." *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (citing Fed. R. Civ. P. 41(b)). Thus, notwithstanding Federal Rule of Civil Procedure 15(a)(1)'s amendment deadlines, plaintiff's failure to comply with the magistrate judge's orders is grounds for dismissal. That is especially true considering that plaintiff has yet to file an inmate trust account data or summary sheet or pay the filing fee. *See* Doc. 14.

Those problems aside, regardless of whether the court accepts the amended complaint as the new operative complaint or construes it as objections to the report, plaintiff's suit should still be dismissed. Plaintiff seeks money damages from the state of Texas and the Texas Department of Criminal Justice. Doc. 13 at 3–4. He acknowledges their immunity from suits for money damages under the Eleventh Amendment. *Id.* at 8. Nonetheless, he interprets the report as requiring him to "'ask' to sue them," states that defendants are not above the law, and asks the court to hold them accountable. *Id.* It appears that plaintiff misunderstands the report's explanation of why sovereign immunity bars his suit. Plaintiff brought a civil rights lawsuit against defendants under 42 U.S.C. § 1983. Docs. 1, 13. But as the report explained, § 1983 does not waive defendants' sovereign immunity. Doc. 11 at 2. And plaintiff has not shown that Texas waived its immunity for this kind of lawsuit. Docs. 11 at 2, 13 at 8. Therefore, his suit must be

dismissed because it seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(2).

For the foregoing reasons, the court accepts the report's findings and recommendations. All claims in this action are dismissed. The dismissal is with prejudice as to any claims against the state of Texas or the Texas Department of Criminal Justice but without prejudice as to any claims plaintiff might have against a non-immune potential defendant. Any pending motions are denied as moot.

*So ordered by the court on February 23, 2026.*

J. CAMPBELL BARKER
United States District Judge